**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
**LUIS E. VELASQUEZ,**

     **Plaintiff,**

    -against-

**1501 UNDERCLIFF ASSOCIATES LLC,**

     **Defendant.**
-------------------------------------------------------------------X

        **Case No.  24 Civ. 0341**

        **COMPLAINT**

Plaintiff Luis E. Velasquez ("Plaintiff"), by and through his undersigned attorneys, The Law Offices of Fausto E. Zapata, Jr., P.C., hereby files this Action against Defendant 1501 Undercliff Associates LLC (hereinafter referred to as "Defendant") and alleges, upon personal knowledge as to himself, and upon information and belief as to other matters, as follows:

## NATURE OF ACTION

1. Defendant is a landlord of a 105-unit residential building located at 1501 Undercliff Avenue, Bronx, New York 10453 (hereinafter referred to as the "Building").

2. As a landlord of a 105-unit residential building in New York City, Defendant is statutorily required to hire a live-in residential janitor.

3. Given the size and number of units within the Building, Defendant voluntarily employed a Porter to assist the Building's live-in residential janitor.

4. Defendant subsidized the monthly maintenance fees, taxes, and costs by offsetting the expenses against Plaintiff's wages, resulting in the failure to pay Plaintiff the applicable statutory minimum wages and overtime.

5.      Plaintiff, therefore, brings this action pursuant to section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 216(b)), and alleges that Plaintiff is entitled to: (i) unpaid minimum wages from Defendant, as required by the Fair Labor Standards Act §§ 29 U.S.C. 201 et seq. ("FLSA") and United States Department of Labor, Wage and Hour Division's Regulations Relating to Labor, Title 29, Subtitle B, Chapter V et seq. ("Federal Wage Regulations"); (ii) unpaid overtime wages from Defendant for overtime work for which Plaintiff did not receive overtime premium pay, as required under the FLSA and Federal Wage Regulations; and, (iii) attorneys' fees and costs, interest and liquidated damages pursuant to the FLSA and its Federal Wage Regulations.

6.      Plaintiff also brings New York Labor Law ("NYLL") claims alleging that Plaintiff is entitled to: (i) unpaid minimum wages from Defendant, as provided by New York State's Minimum Wage Act, New York State Labor Law §§ 650 et seq., and New York State Department of Labor's Minimum Wage Order for the Building Service Industry, Part 141 of Title 12 of the Official Compilation of Codes, Rules and Regulations of The State of New York, 12 N.Y.C.R.R. Part 141 ("Wage Order"); (ii) unpaid premium overtime wages from Defendant for overtime work for which Plaintiff did not receive overtime premium pay, as required by the New York State Minimum Wage Act and the Wage Order; (iii) unpaid straight wages from Defendant associated with occasions where Plaintiff was paid less than the wage to which he was entitled, in violation of the New York State Minimum Wage Act and the Wage Order; (iv) damages associated with Defendant's failure to provide Plaintiff with statements when Plaintiff was paid wages that were compliant with N.Y. Labor Law § 195(3); (v) damages

associated with Defendants' failure to pay Plaintiff's his wages on a weekly basis, in violation of NYLL § 191(1)(a);  and, (vi) liquidated, compensatory, and punitive damages, attorney's fees and costs, pre-judgment and post-judgment interest pursuant to N.Y. C.P.L.R., Article 50, NYLL, Article 6, § 198, and NYLL, Article 19 § 663.

## JURISDICTION AND VENUE

7.     Jurisdiction of this action is conferred on this court by section 16(b) of the FLSA (29 U.S.C. § 216(b)), and by the provisions of 28 U.S.C. § 1337, relating to any civil action or proceeding arising under any Act of Congress regulating commerce.

8.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 relating to any civil action or proceeding arising under the laws of the United States.

9.     This Court has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

10.     This Court is empowered to issue a declaratory judgment and further necessary or proper relief based on a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

11.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(d) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this jurisdiction.

## PARTIES

12.     Plaintiff is an adult male who, at all relevant times, resided in Bronx County.

13.     Plaintiff was born on August 17, 1958, and his primary language is Spanish.

14.     Plaintiff's written consent to be a party of this action pursuant to 29 U.S.C. § 216(b) is attached to this Complaint and incorporated by reference.

3

15.     At all relevant times, Defendant 1501 Undercliff Associates LLC was and is domestic limited liability company duly organized under, and existing by virtue of, the laws of the State of New York.

16.     Defendant owns a residential building located at 1501 Undercliff Avenue, Bronx, New York 10453.

17.     At all relevant times, Defendant exercised operational control over its employees, staffing needs, and maintenance of its facilities, including Plaintiff.

18.     Defendant had the power to determine Plaintiff's compensation in connection with Plaintiff's employment with Defendant.

19.     Defendant controlled Plaintiff's work schedule, in connection with Plaintiff's employment with Defendant.

20.     Defendant controlled Plaintiff's conditions of employment, in connection with Plaintiff's employment with Defendant.

21.     Defendant had the power to hire and fire the Building's employees, including Plaintiff.

22.     Defendant supervised and controlled Plaintiff's work performance.

23.     At all relevant times, Plaintiff was an "employee" of Defendant, as defined within NYLL § 2(5).

24.     At all relevant times, Plaintiff was an "manual worker" of Defendant, as defined within NYLL § 190(4).

25.     At all relevant times, Plaintiff was an "employee" of Defendant, as defined within NYLL § 651(5).

4

26.     At all relevant times, Plaintiff was "employed" by Defendant, as defined within NYLL § 2(7).

27.     At all relevant times, Defendant was Plaintiff's "employer," as defined within NYLL § 190(3).

28.     At all relevant times, Defendant was Plaintiff's "employer," as defined within NYLL § 2(6).

29.     At all relevant times, Defendant was Plaintiff's "employer," as defined within NYLL § 651(6).

30.     At all relevant times herein, Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e).

31.     At all relevant times herein, Defendant was Plaintiff's "employer" within the meaning of 29 U.S.C. § 203(d).

32.     At all times relevant herein, Defendant was an "enterprise" within the meaning of 29 U.S.C. § 203(r).

33.     At all relevant times herein, Defendant employed more than two people and has also been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

34.     At all relevant times herein, Defendant was a "person" within the meaning of 29 U.S.C. § 203(a).

35.     At all relevant times herein, Plaintiff was an employee engaged or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206 – 207.

36. Defendant, at all relevant times herein, has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203, 206(a) and 207(a).

37. Upon information and belief, at all relevant times herein, Defendant had gross annual revenues in excess of $500,000.00.

38. At all relevant times, Defendant maintained control, oversight, and direction over Plaintiff, including payroll and other employment practices that applied to him.

39. Defendant also controlled Plaintiff's terms and conditions of employment and determined Plaintiff's rate and method of compensation.

40. Defendant is a covered employer within the meaning of the FLSA and NYLL, and at all relevant times employed the Plaintiff.

### NOTICE PURSUANT TO
### N.Y. LIMITED LIABILITY COMPANY LAW § 609(c)

41. Pursuant to N.Y. Limited Liability Company Law, Plaintiff hereby gives notice to the ten members of 1501 Undercliff Associates LLC with the largest ownership interest, as determined as of the beginning of the period during which the unpaid services alleged in this action were performed, that Plaintiff intends to hold them liable jointly and severally personally liable for all unpaid debts, wages and salaries owed to Plaintiff.

### FACTUAL ALLEGATIONS

42. In or around September 2000, Defendant hired Plaintiff to work as a live-in porter for the Building.

43. Initially, Plaintiff's fixed work schedule was Monday through Sunday, 7:00 AM – 11:00 AM and 12:00 PM – 3:00 PM.

6

44.     From 2018 through January 2020, Plaintiff was paid approximately $1,080.00 every two weeks.

45.     A condition of Plaintiff's employment required that Plaintiff occupy a basement apartment within the Building's premises for the benefit of Defendant by making Plaintiff available to provide services on an as needed basis at the Building 7 days per week, 24 hours per day.

46.     As the resident janitor Defendant's Building, Plaintiff's job duties included, but were not limited to, cleaning the sidewalk, alleyway, and, the back of the building; garbage removal; tending and maintaining outdoor common areas; tending and maintaining the sidewalks and grounds of the residential building; responding to tenants' calls and complaints; operating the boiler; addressing any New York City housing-related violations; shoveling snow; raking leaves; giving access various locations within the Building to utility providers; and, locksmith related duties.

47.     At all relevant times, Plaintiff was required to prepare the garbage and recycled items for pick-up by The City of New York Department of Sanitation three days per week.

48.     The duties related to preparing garbage and recycled items for pick up involved lifting heavy items which Plaintiff, including large furniture, televisions, mattresses, dressers, etc.

49.      Pursuant to N.Y.C. Admin. Code § 27-2054 and N.Y. Multiple Dwelling Law § 83, Defendant was statutorily required to employ a live-in resident janitor.

50.     At all relevant times, Defendant employed Mario Murillo as the live-in resident janitor.

51.    At all relevant times, Defendant designated Mario Murillo as the live-in resident janitor, who upon information and belief, was paid as an exempt resident janitor, pursuant to the Wage Order.

52.    At all relevant times, Plaintiff was supervised by the Designated Resident Janitor, Mario Murillo, who was paid a salary and provided with an apartment.

53.    Throughout his employment with Defendant, Defendant and Mario Murillo, supervised and directed Plaintiff's efforts, procured supplies for Plaintiff to perform his work duties, and inspected Plaintiff's work product.

54.    As a result of his working relationship with Defendant, Plaintiff was in contact with Mario Murillo on a regular basis.

55.    The apartment that Defendant provided Plaintiff was located a within a short walking distance from Mr. Murillo's apartment.

56.    Although Plaintiff would clock in and out when he worked his fixed schedule, Mr. Murillo would often knock on Plaintiff's apartment door and direct him to perform duties outside of his fixed schedule and expressly tell Plaintiff not to clock-in or clock out.

57.    Mr. Murillo and Defendant regarded any additional work that Plaintiff performed, outside of his assigned hours, to be a condition of employment that did not require additional compensation.

58.    During the time that Plaintiff's fixed work schedule was 7:00 AM to 3:00 PM,  he would attempt to take a meal/rest period between 11:00 AM and 12:00 PM, but his meal/rest periods was routinely interrupted because Mr. Murillo would regularly direct Plaintiff to return to work or continue working throughout his break whenever a need for

8

his services arose and this resulted in Plaintiff being deprived of meal or rest periods lasting twenty minutes or more.

59.     At all relevant times, Plaintiff was routinely required to provide access to interstate service, including Verizon and T-Mobile technicians during and outside of Plaintiff's fixed work schedule, to facilitate Verizon/T-Mobile's ability to provide telephone and internet services to residents and other individuals.

60.     At all relevant times, Plaintiff was required to be available to provide access to local vendors, including and Consolidated Edison technicians, locksmiths, plumbers, and electricians.

61.     At all relevant times, Plaintiff required to be available to provide Building access to New York City and New York State inspectors and/or agents outside of his fixed work schedule.

62.     At all relevant times, Plaintiff was required to be available to respond to tenants' emergencies whenever they arose, i.e., outside of his assigned work hours.

63.     As a result of the requirement to be available at all hours, Plaintiff would curtail personal activities and limit the geographic distance he traveled during his employment.

64.     Beginning in February 2020, Defendant reduced the number of hours that Plaintiff worked to five hours per day, seven-days per week, and began paying Plaintiff on a weekly basis.

65.     Beginning in February 2020, Defendant changed Plaintiff's fixed work schedule to 7:00 AM to 12:00 PM, seven-days per week and began paying Plaintiff a reduced wage of $375.00 on a weekly basis.

9

66.    Throughout his employment, before and after January 2020, after clocking out, Plaintiff was routinely directed to continue working whenever a need for his services arose without additional compensation.

67.    At all relevant times, Defendant knew or had reason to believe that Plaintiff was regularly working outside of his fixed work schedule without providing Plaintiff additional compensation, as required under the FLSA and NYLL, for the work that Defendant allowed Plaintiff to suffer and/or permitted.

68.    For example, garbage was picked up three times per week and the night before picking up Plaintiff would have to prepare the garbage produced by the Building's 105 units by consolidating and separating recyclable and non-recyclable garbage, which would take at least three hours on each occasion.

69.    Even after Plaintiff's hours were reduced, Mr. Murillo would still direct Plaintiff to work outside of his fixed work schedule without additional compensation, as required under the FLSA and NYLL.

70.    As a result of Defendant's requirement that Plaintiff be available at all times and garbage pick-up preparation outside of Plaintiff's fixed work schedule, Plaintiff routinely worked at least twenty-eight in addition to his fixed work schedule without receiving additional compensation.

71.    In or around August 17, 2023, on Plaintiff's birthday, Defendant terminated Plaintiff's employment after informing him that Defendant did want Plaintiff to continue working for Defendant.

72.    At the time that Defendant terminated Plaintiff, Defendant instructed Plaintiff to vacate the apartment that he was provided as part of his employment.

73.    Although Plaintiff worked for Defendant for over 20 years, Plaintiff did not receive any severance pay at the time that he was terminated and told to vacate the home he had lived in for over 20-years.

74.    Under N.Y. Comp. Codes R. & Regs. tit. 12 § 141-2.4, Defendant was statutorily ineligible to count the reasonable cost of furnishing Plaintiff with lodging as wages because Defendant did not comply with the recordkeeping requirements contained within 12 N.Y.C.R.R. § 141-2.1(d).

75.    Defendant is statutorily ineligible to count the reasonable cost of furnishing Plaintiff with lodging as wages because Defendant did not make available to the New York State Commissioner of the Labor Department or his representative the rental records for the lowest rental on June 1, 1975, for apartments having the same number of rooms in the building and/or comparable size.

76.    Under 29 C.F.R. § 516.27(a), Defendant is statutorily ineligible to count the reasonable cost of furnishing Plaintiff with lodging as wages because Defendant did not maintain accurate records of the costs incurred in furnishing lodging.

77.    Under 29 C.F.R. § 513.31, Defendant is statutorily ineligible to count the reasonable cost of furnishing Plaintiff with lodging as because Defendant failed to satisfy all the conditions necessary under the Wage Order.

78.    Under 29 C.F.R. 531.3(d)(1), Defendant is statutorily ineligible to count the reasonable cost of furnishing Plaintiff with lodging as wages because Defendant provided Plaintiff with lodging primarily for the benefit of Defendant by ensuring that Plaintiff was available for work as many hours as possible on any given week.

11

79.    Under 29 C.F.R. 531.3(d)(1), Defendant is statutorily ineligible to count the reasonable cost of furnishing Plaintiff with lodging as wages because Defendant was statutorily required to employ a resident janitor under N.Y.C. Admin. Code § 27-2054, which requires that any "person who performs janitorial services for a multiple dwelling of nine or more dwelling units… shall reside in… the dwelling."

80.    Under 29 C.F.R. 531.3(d)(1), Defendant is statutorily ineligible to count the reasonable cost of furnishing Plaintiff with lodging as wages because Defendant was statutorily required to employ a resident janitor under N.Y. Multiple Dwelling Law § 83, which provides that "[w]henever there are thirteen or more families occupying any multiple dwelling and the owner does not reside therein, there shall be a janitor, housekeeper or some other person responsible on behalf of the owner who shall reside in said dwelling, or within a dwelling located within a distance of two hundred feet from said dwelling."

81.    Under New York Multiple Dwelling Law § 309-A, Defendant is statutorily ineligible to count any part of the cost of furnishing Plaintiff with lodging as wages because the basement apartment that Plaintiff was because the basement apartment unit that Plaintiff was provided could not be rented to a tenant without violating general, special, and/or local law.

82.    Defendant's actions in failing to track the number of hours that Plaintiff worked was an intentional practice that Defendant engaged in to reduce its labor costs.

83.    At all relevant times, Defendant willfully violated 29 U.S.C. § 211(c) by failing to maintain accurate records of the hours that Plaintiff worked and the wages that he was statutorily entitled to.

84.     At all relevant times herein, Defendant willfully violated 29 C.F.R. § 516.2 by failing to maintain accurate recordkeeping of the hours worked as it pertains to Plaintiff.

85.     At all relevant times herein, Defendant willfully violated the NYLL § 661 by failing to maintain and preserve weekly payroll records for Plaintiff showing the number of hours worked on a daily and weekly basis.

86.     At all relevant times herein, Defendant willfully violated the NYLL § 195(4) by failing to maintain and preserve weekly payroll records for Plaintiff showing the number of hours worked on a daily and weekly basis.

87.     At all relevant times herein, Defendant willfully violated 29 C.F.R. § 516.4(a) by willfully failing to post notices, in conspicuous places where Plaintiff could readily observe the posting, explaining the FLSA.

88.     At all relevant times herein, Defendant willfully violated the Wage Order, N.Y. Comp. Codes R. & Regs. tit. 12, Part 141, § 141-2.3, by failing to post a notice issued by the New York State Department of Labor summarizing minimum wage and overtime provisions.

89.     At the time that Plaintiff served Defendant with the Summons and Complaint in this matter, in or around January 2024, Plaintiff also served Defendant with Notice pursuant to N.Y. Limited Liability Company Law § 609(c), informing Defendant that Plaintiff intended to hold the 10 largest members of 1501 Undercliff Associates LLC personally liable for unpaid wages.

**FIRST CLAIM OF RELIEF**
**FAIR LABOR STANDARDS ACT**
**MINIMUM WAGE VIOLATIONS**

13

90.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

91.    The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiff.

92.    Defendant failed to pay Plaintiff minimum wages for all the hours Plaintiff worked.

93.    Defendant's unlawful conduct, as described in the Complaint, has been willful and intentional.

94.    Defendant was aware or should have been aware that the practices described in the Complaint were unlawful.

95.    Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

96.    Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

97.    As a result of Defendant's unlawful acts, Plaintiff has been deprived of minimum wage compensation in amounts to be determined at trial and are entitled to recover of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**NEW YORK LABOR LAW MINIMUM WAGE ACT**
**MINIMUM WAGE VIOLATIONS**

98.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

99.    The minimum wage provisions of Article 19 of the NYLL and the Wage Order apply to Defendant and protect Plaintiff.

100.    Defendant failed to pay Plaintiff statutory minimum wages to which he is entitled.

101.    Defendant did not have a good faith basis for believing that its underpayment of wages, as it relates to Plaintiff, was compliant with the NYLL.

102.    Through its knowledge or intentional failure to pay Plaintiff minimum wages for hours worked, Defendant has willfully violated the NYLL Article 19 §§ 650 *et seq*.

103.    Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendant unpaid minimum wages, liquidated damages as provided for by NYLL Article 6, § 198, and NYLL Article 19, § 663, reasonable attorneys' fees, costs, and prejudgment interest.

**THIRD CLAIM OF RELIEF**
**FAIR LABOR STANDARDS ACT**
**OVERTIME VIOLATIONS**

104.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

105.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting Federal Wage Regulations, apply to Defendant and protect Plaintiff.

106.    Defendant failed to pay Plaintiff overtime wages for all the hours he worked in excess of 40 hours in a workweek.

107.    Defendant's unlawful conduct, as described in the Complaint, has been willful and intentional.

108.    Defendant was aware or should have been aware that the practices described in the Complaint were unlawful.

109.    Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

110.    Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

111.    As a result of Defendant's unlawful acts, Plaintiff have been deprived of overtime compensation in amounts to be determined at trial and are entitled to recover of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**FOURTH CLAIM FOR RELIEF**
**NEW YORK LABOR LAW MINIMUM WAGE ACT**
**<u>OVERTIME VIOLATIONS</u>**

112.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

113.    The overtime wage provisions of Article 19 of the NYLL and the Wage Order apply to Defendant and protect Plaintiff.

114.    Defendant failed to pay Plaintiff overtime wages to which he was entitled.

115.    Defendant did not have a good faith basis for believing that its underpayment of wages, as it relates to Plaintiff, was compliant with the NYLL.

116.    Through its knowledge or intentional failure to pay Plaintiff premium overtime wages for hours worked in excess of 40 hours per week, Defendant has willfully violated the NYLL Article 19 §§ 650 *et seq,* and the Wage Order.

117.    Due to Defendant's violations of the NYLL and Wage Order, Plaintiff is entitled to recover from Defendant his unpaid overtime wages, liquidated damages as provided

for by the Wage Order, NYLL Article 6, § 198, and NYLL Article 19, § 663, reasonable attorneys' fees, costs, and prejudgment interest.

## FIFTH CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW
## <u>WAGE STATEMENT PROVISION</u>

118.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

119.    The Payment of Wages provisions of Article 6 of the NYLL apply to Defendant and protects Plaintiff.

120.    Defendant failed to provide Plaintiff with accurate written statements concurrent with payment of wages that listed, *inter alia,* the number of regular and overtime hours worked to which Plaintiff was entitled under the NYLL § 195(3).

121.    Defendant's failure to provide Plaintiff with accurate wage statements, as required under NYLL § 195(3), deprived Plaintiff of notice as to how his wages were calculated and of his right to receive overtime pay.

122.    As a result of Defendant's failure to comply with the Notice and Recordkeeping requirements under NYLL § 195(3), Plaintiff has suffered concrete economic harm because Plaintiff had claims for non-payment of overtime wages that are now time-barred.

123.    Defendant's actions in depriving Plaintiff of the required wage statements under NYLL § 195(3) intentionally interfered with Plaintiff's ability to assert his statutory rights to bring claims for unpaid wages within the statute of limitations, thereby reducing Defendant's liability at Plaintiff's economic expense.

124.    At all times relevant herein, Defendant failed to make complete and timely payment of all wages due under the NYLL Articles 19 or 19-A to Plaintiff.

125.    At all times relevant herein, Defendant did not have a good faith basis for believing that it was not required to provide Plaintiff a with the notice pursuant to NYLL § 195(3).

126.    Through its knowledge or intentional failure to provide Plaintiff with wage statements, Defendant has willfully violated the NYLL Article 6 §§ 195 *et seq*.

127.    Due to Defendant's violations of the NYLL § 195(3), Plaintiff is entitled to recover from Defendant, jointly and severally, $5,000.00 in damages as provided for by NYLL Article 6, § 198, in addition to reasonable attorneys' fees and costs.

**SIXTH CLAIM FOR RELIEF**
**NEW YORK STATE LABOR LAW**
**FREQUENCY OF PAYMENT OF WAGES**

128.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

129.    NYLL § 191(a)(i) states that:

> A manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned.

130.    Defendants violated NYLL § 191(a)(i) by failing to pay Plaintiff on a weekly basis prior to January 2020.

131.    For example, in or around September 17, 2019, Defendants issued Plaintiff a check for the wages he earned between August 30, 2019, and September 12, 2019.

132.    As another example, in or around February 4, 2020, Defendants issued Plaintiff a check for the wages he earned between January 17, 2020, and January 30, 2020.

18

133. As another example, in or around October 1, 2019, Defendants issued Plaintiff a check for the wages he earned between September 13, 2019, to September 26, 2019.

134. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements in connection with this claim, pursuant to NYLL §§ 198(1-a).

**SEVENTH CLAIM FOR RELIEF**
**NEW YORK STATE LABOR LAW**
**MINIMUM WAGE ACT**
**UNPAID STRAIGHT TIME WAGES**

135. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

136. The payment of wage provisions of the Minimum Wage Act, Article 19 of the NYLL, applies to Defendant and protect Plaintiff.

137. The Minimum Wage Act, NYLL § 663(1), provides that:

> If any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due. Any agreement between the employee, and the employer to work for less than such wage shall be no defense to such action.

138. Defendant willfully violated the Wage Order and the Minimum Wage Act by failing to pay Plaintiff all the wages that he earned.

19

139. Defendant was aware or should have been aware that the practices described in the Complaint were unlawful.

140. Defendant did not make a good faith effort to comply with the NYLL and/or Wage Order with respect to Plaintiff's compensation.

141. Through Defendant's knowledge or intentional failure to pay Plaintiff for all hours worked, Defendant has willfully violated the NYLL.

142. Defendant's NYLL violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

143. Due to Defendant's NYLL violations, Plaintiff is entitled to recover from Defendant unpaid wages, liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements in connection with this claim, pursuant to NYLL § 190 *et seq.* and 650 *et seq*.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that this court grant the following relief:

a) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, NYLL Article 6, §§ 190 *et seq*., NYLL Article 19, §§ 650 *et seq*., and the Wage Order;

b) An award of unpaid minimum and overtime wages, an additional and equal amount as liquidated damages pursuant to the FLSA and applicable supporting regulations;

c) An award of unpaid minimum, straight, and overtime wages, an additional and equal amount as liquidated damages pursuant to the NYLL, and applicable supporting regulations;

20

d) An award of liquidated damages pursuant to NYLL due to Defendants' failure to pay Plaintiff on a weekly basis, in violation of NYLL § 191(1)(a);

e) An award of statutory penalties equal to two hundred and fifty dollars for each workday against Defendant for the failure to provide Plaintiff with accurate wage statements, as provided by NYLL, Article 6 § 198;

f) Prejudgment and post-judgment interest;

g) An injunction requiring Defendant to pay all statutorily required wages and cease the unlawful activity described herein pursuant to NYLL;

h) An injunction against Defendant and Defendant's respective officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

i) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4);

j) Order a restraint of Defendant's assets pending evidentiary hearing and the issuance of a final judgment, pursuant to N.Y. C.P.L.R. § 5229;

k) Reasonable attorneys' fees and costs of the action; and,

l) Such other relief that this Court shall deem just and proper.

Date:    New York, New York
         January 17, 2024

                                        The Law Offices of
                                        Fausto E. Zapata, Jr., P.C.

                                   By: _____
                                        Fausto E. Zapata, Jr. (FZ 4957)
                                        *Attorneys for Plaintiff Velasquez*
                                        277 Broadway, Suite 501
                                        New York, New York 10007
                                        Tel. (212) 766-9870
                                        *Email: fz@fzapatalaw.com*